In the Matter of the Intermediate Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Trustee under the Will of CHARLES C. MARSHALL, Deceased, Appellant-Respondent. CHARLES R. MARSHALL et al., Respondents-Appellants; LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, on Behalf of Director of Letchworth State Hospital, Respondent.—

Findings of fact contained in the Surrogate's decision or opinion (21 Misc 2d 154), insofar as they may be inconsistent herewith, are reversed; and new findings are made as indicated herein. The evidence establishes that the trustee performed extensive services which must be held to be "management" services within the meaning of subdivision 7 of section 285-a of the Surrogate's Court Act. Some of such services included negotiations for and modification of the lease instrument upon terms which resulted in greatly increased revenue to the trust for a period of several years; negotiations and proceedings required upon expiration of the first term of the lease; proceedings in refinancing, extending, and reducing the interest rate on the mortgage covering the real property; insuring that the lessee at all times complied with the terms of the lease as to payment of taxes, and other lienable charges; obtaining adequate and proper types of insurance; making repairs; and complying with governmental orders as to violations, etc. The statute (Surrogate's Ct. Act, § 285-a, subd. 7) grants to the trustee an absolute right to the management fees, where the management services are actually performed. In *Matter of Smathers* (309 N. Y. 487), followed in *Matter of Burrows* (3 N Y 2d 869), the trustee expressly declined to offer evidence of any specific acts of management performed; and the record there required a finding that the trustee did absolutely nothing but receive the rent check every three months. In the case at bar, however, the trustee did all that it was required and permitted to do by way of management of the real property. It was not, as in the *Smathers* case (*supra*), a mere passive recipient of rent checks — conduct which did not involve any more action than the receiving of interest on bonds or the receiving of dividends on shares of stock (cf. *Matter of Kahn*, 13 Misc 2d 76). The proceeding is remitted to the Surrogate's Court for the entry of an appropriate decree allowing the management fees and adjusting and settling the account accordingly. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur.